Good afternoon, Your Honors. Pamela Gomez representing Petitioner of Holland, Francisco Perez. Mr. Perez was sentenced to die in prison for a crime he committed as a juvenile. When he was sentenced, his punishment was not considered cruel and unusual, even though he showed cognitive deficits equivalent to that of intellectual disability, and even though the California Youth Authority found him amenable to rehabilitation. Under Miller v. Alabama and Montgomery, we now know that such a punishment is unconstitutional, but for the rarest of juvenile offenders whose crimes reflect irreparable corruption. No court has made that determination for Mr. Perez. I would like to make two points during this oral argument. One, that petitions such as Mr. Perez should not be subjective to the second and successive bar under 2244, and that even if it is, Mr. Perez, the district court erred by dismissing the petition without transferring it to this Court. All right. So let's suppose, let's take the second part first, okay? If he, if it had been transferred to this Court, there's also a timing issue, right? In other words, he has to have filed it, well, and there's a substantive issue. He has to have filed it within a year of the triggering event, which substantively is whether it was declared, a new right was declared and made retroactive by the Supreme Court. Correct, Your Honor, and that would have been Miller. I'm sorry? Correct, Your Honor, and that would have been... So you would take, so is your argument that Miller did both, essentially? Correct, Your Honor. And I think Montgomery... Okay. And I think Montgomery... Montgomery kind of just affirmed it is your, is what your argument is. Correct, Your Honor, because one of the Petitioners in Miller itself was... You didn't do any of this in your brief, which was, I mean, you just said very summarily. You didn't deal with the timing question, which is what I, again, the rest of it made sense to me, but the timing issue worried me. Correct, Your Honor, and that's one of the reasons why I wanted to emphasize that argument. Mr. Peres filed his Federal petition 200 and about 266 days after Miller was announced. However, his State habeas petitions had been pending in the State court for over 342 days. So he's, so he had statutory tolling for his petition to be timely. Okay. And that's under Curiel v. Miller that this Court recently decided. I don't understand the government to have argued that it wasn't timely. The question is, was it in the right place? Correct, Your Honor. But under 1631, the district court erred by not figuring out whether that petition was transferable. Okay. Under Ninth Circuit jurisprudence. All right. And it would have been transferable had it been timely, had the district court not had jurisdiction, and if the transfer was in the interest of justice. Okay. So if he transferred it, then what? Then this Court could have, now that the Court has it, the Court could determine whether or not it meets the prima facie case, the prima facie case under 2244. And it would determine that as of the time when it would have been filed or now? No, as of the time that it was filed. That's what the. So that's what I want you to explain now. As of that time, why were the substantive standards met? Because at that time, it was timely because Mr. Peres had a statutory tolling. Substantive standards. Because as we now know, Montgomery emphasizes that whether or not a court takes into consideration the age of the juvenile, the court also has to take into consideration whether or not that crime, in effect, makes the juvenile beyond redemption. Whether the. Well, I understand that. But the question is, and maybe this doesn't matter. Maybe we take the case as we find it now rather than then. But isn't it possible that if that had happened that you said should have happened and we had had it as a second or successive petition request at that point, we would have dismissed it because the Supreme Court had not yet declared it retroactive? No, Your Honor, because Miller itself, as we know now, Penry is illustrative in that instance. In Penry-Villanueva, petitioner filed a petition during post-conviction proceedings. And in that case, the Supreme Court Justice O'Connor emphasized that certain claims are retroactive the moment they are announced. So you're essentially saying that. My understanding is that there were some courts that before Montgomery held that Miller had already determined to be retroactive. Correct, Your Honor. And in this court's jurisprudence of more be bitter is also indicative. It's also helpful for this case. In Moore, this court found that Graham announced a retroactive new rule of substantive law by engaging precisely in the same type of analysis that the Supreme Court engaged in Teague and in Penry. So at the time that Mr. Perez filed his petition in the district court, the district court should have taken into consideration whether or not the case was transferable. And we know that the court didn't because when the court rejected, when the court analyzed 2244B, it actually said, with exceptions not applicable to this case. Let me try this question on you, if I may. Because Miller was not declared retroactive until after a petitioner's filing in this case, does that defeat treatment of the petitioner's filing as a constructive request for a successive petition? If I understand the question correctly, Miller didn't declare go ahead. Right. The danger, Your Honor, in that case is that's one of the reasons why this type of claim should not be subjected to the 2244 restrict requirement. But I thought your position was that Miller did essentially declare it because if you put Teague together with the fact that this is a substantive rule, that's sufficient to have the declaration. I thought I was asking the same question that Judge Zerhari was asking, but I got the opposite answer. No. That is my argument, Your Honor. I see. But Justice Sercali is highlighting the danger of actually, for petitioners like Mr. Perez, the danger that they would be facing. We know that it takes a while for the Supreme Court to, if we follow Dodd, for example, in the context of 2255, the court there itself said it's very unlikely that the Supreme Court would declare a case retroactive within a year. And petitioners have been lucky, for example, in the context of Johnson because the court did that just in Welch. Here we're dealing with post-conviction petitions of state prisoners, which was the case in Penry. And in Penry, even though it was during post-conviction proceedings, Justice O'Connor found — Justice O'Connor held that the court had to look at the merits of whether or not Mr. Penry — whether or not the Eighth Amendment, under the Eighth Amendment, whether or not Mr. Penry should be executed because he was intellectually disabled. The Arona case suggests that tolling may be appropriate. Do you see Arona, if you're familiar with the case, applying to your case? And if so, how? Yes, Your Honor. Arona would apply to this case because in that case, the Ninth Circuit found that the 30 days — the 30 days that the statute requires for the Ninth — for the Circuit Court of Appeals to determine whether or not the petitioner meets the 2244 standards is not mandatory, but rather horritory. So that's why this Court would have — still would have jurisdiction and an ability to decide whether or not the petition meets 2244. Do you want to reserve any time? Yes, Your Honor, if I may. Good afternoon, Your Honors. Supervising Deputy Attorney General Stephen Matthews for the Respondent. May it please the Court. The issue here is that Petitioner's appeal is an invitation for this Court to render meaningless the gatekeeping provisions of Section 2244. Well, why? If we did it the way that she's now suggesting and did just suggest in her reply briefs, that is — and is supported by our case law, i.e., if the issue was that the district judge should have transferred this to us originally. Well, this Court — actually, the district court referred the case to this court following the denial pursuant to Ninth Circuit Rule 22-3A. And? And it's ordered denying relief on this case. First of all, absent an order from this court permitting the filing of that petition, the district court was without jurisdiction to hear that petition. Okay. Let's assume that for now, although she argues otherwise. And then — and a district court under those circumstances, pursuant to Burton and the United States Supreme Court's Burton case, directed the district court to dismiss the case for lack of jurisdiction. And then what the court did in this case was precisely what the Ninth Circuit Rule 22-3A says it's supposed to do, is when it denies a case under these circumstances, it refers the court — it refers it to the Ninth Circuit. That's precisely what the district court did in its denial case. And what happened? It went to this court and then petitioner appealed. So instead, this court didn't rule on — So we have it. So that's even better. We have it. So now what? But the importance of this case is twofold. One, all we're asking the court to do is to comply with the AEDPA 2244. And that is that a second or successive petition, which this was, is to file that petition. But we either — you're telling me that we have the petition on its face, and also we have an appeal which we could construe as a petition. So why are we worrying about what you want us to worry about? Because we're here on an appeal of the district court's denial of this petition as second or successive without seeking — without going through 2244's gatekeeping provisions. But meanwhile, we have this — so all we have to do is go back to our files, find the referred petition and grant it, and the case is over. Is that right? No. No. Why? What would happen would be — because right now there is no — there is no petition filed in the district court. You just told me there was one. No. The petition was dismissed by the court for want of jurisdiction. All this court — That was referred here. That's correct. So it was here. All this court needs to do, which would be in full compliance with 2244, would be, if it wanted to, it could treat his appeal as a request for filing a second or successive petition were the court to grant that. It would return to the district court. The petition would be filed. And then we would have an opportunity to respond to that petition. All right. So why did you just do that? Why did your district agree to do that and we'll just go home? That was — that could have been requested at any time. But why did you — why did you — it's all silly then. I take it that if we were to do that, to construe the petition as an application to file a second or successive petition because they're stuck with the gatekeeping provision of AEDPA, that the government wouldn't stand in the way of that. We wouldn't stand in the way of this court complying with 2244 and granting permission under Miller as made retroactive by Montgomery that that is a new rule of constitutional law made retroactive, not previously available. So your answer to the dilemma that I was raising is we'd look at it as of now, not as of then, and we don't even worry about the question of whether Miller itself was retroactive. Well, we know Miller was retroactive. And the question is, you know, in Tyler v. Cain, just as far as retroactivity, the Supreme Court said that the case isn't retroactive until we say it's retroactive. Well, yes, but it happens, and I don't know if you know this, that there were actually two cases at the time of Miller, and one of them was a habeas case. And it did apply the rule to the habeas case at the time of Miller. So it appears that Montgomery was essentially confirming what was already the case at the time of Miller. And several circuits have so held. And once again, we're not arguing that Miller wasn't retroactive. We know that it was. But I'm saying it was retroactive as of the time it was decided, and not even ñ and that's sufficient. And even that is not a pertinent issue to the issue at hand here, because as the Petitioners made clear in the brief, their argument is not that they had to comply with 2244, but that they did not have to comply with 2244, and that their claim could be raised without this court exercising its gatekeeping provisions under 2244, because they claim that the claim wasn't ripe until Miller came out. But, of course, that would render ñ A, would render meaningless 2244, because in that sense, Miller's claim was not ripe until the Supreme Court decided it. Let's make this real easy, maybe. So if we treat this as a second successive petition and remand of the district court, we are fulfilling our gatekeeping role under 2244, and this case can continue with the district court addressing the merits. And the other issue is then Miller. That's correct. The only issue ñ So why didn't you say all that in your brief? Well, our argument in the brief was precisely for what this ñ what was suggested, which is that for this petition to be heard, it should follow the rules. And 2244 merely states that if you've got a second or successive petition, which this is, that the petitioner is required. But you didn't say, and moreover, you have sitting in your files a referred petition and just granted them, and we can all go home. Well, that ñ the certified issue before the court was whether the district court erred in dismissing the petition. You didn't need a certified issue in this case, did you? That was the certified issue. Yeah, this court certified that as the issue. And the only issue, no issue on the merits, no issue as to the timeliness. I think that's part of the reason why we're all sort of scratching our heads and being a little confused by the briefing in this case, because you're arguing over a situation where it seems fairly clear, this guy needs to have this case heard on the merits. What's the best way to do that? And so it wasn't clear from the briefing for me either that the government is saying, all right, there's a gatekeeping provision here, go ahead and say it's second and successive, but here's how you basically get him back there so that the case could be heard on there. It seems like a case that the parties could have worked out prior to argument. I think I made it clear in our brief that we believe the district court correctly ruled that the petition had to be dismissed for want of jurisdiction. And did you also say that it was referred to this court and was pending here? The order denying relief referred it to the court. Did you say that in your brief? I don't believe so. No, you didn't say that in your brief. I'm not sure the other side said it in their brief either. But the pertinent issue is that Petitioner, rather than asking for permission pursuant to 2244, which Petitioner could have done. We understand that, but it makes absolutely no difference in this case. Is that correct? The only difference is, is that they, because they didn't comply with the rules, that's why we're here. And they've sought, they've sought. We're here because you didn't tell us and neither of you told us that there is currently pending in this court a request for a second or successive petition which ought to be granted because, in fact, if you both agreed that it's here and it's granted, you wouldn't even have to have an appeal. You could have just gotten rid of it. Well, in fact, Your Honor, there hasn't been a request from this court to filing a second or successive petition. You said there was. You said it was referred to us. No. You're saying that you're not going to stand in the way of us constroying it as a request. That's correct. But you also said it was referred to us. No. The district court, in its order denying relief, pursuant to our Ninth Circuit Rule 223A, is required to refer, and he was doing so. All right.  I don't know what happens once the district court. I don't mean physically, but don't we conceptually have it? I would presume. Isn't it conceptually pending here, as of this very minute, without construing anything as anything? I presume that when the district court's denial of relief was referred to this court. So I presume that was before the court at the same time that the – and it's actually in the excerpts of record, the district court's rejection. It's not often we can make both sides happy. You'll be happy that we're going to follow the rules, and your opponent will be happy that the district court will hear the merits. And that we will be pleased to be – to raise all – And you guys could have gotten on the phone call – on telephone and solved this problem. Thank you very much. Thank you. Thank you. Thank you. Paris v. Holland has submitted.
judges: Berzon, Nguyen, Zouhary